IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DUESENFELD GMBH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-1194-JFM |
| | ) |
| ASCEND ELEMENTS, INC., | ) |
| | ) |
| Defendant. | ) |

**JOINT RULE 26(F) REPORT**

Pursuant to Rule 26(f) and Judge Murphy's policies and procedures, the parties have thoroughly discussed a discovery plan and provide the following report:

**I. Counsel**

    A. Lead counsel for Plaintiff: Steven Carlson

    Delaware counsel for Plaintiff: Karen Keller, Emily DiBenedetto

    B. Lead counsel for Defendant: Andrew Gish

    Delaware counsel for Defendant: David Ellis Moore, Bindu Palapura

    C. All counsel who participated in Rule 26(f) conference on behalf of Plaintiff:

    Steven Carlson

    Sam LaRoque

    Emily DiBenedetto

    D. All counsel who participated in Rule 26(f) conference on behalf of Defendant:

    Andrew Gish

    Josef Schenker

    David Moore

Malisa Dang

NOTE: Per Judge Murphy's policies and procedures, lead counsel for a case **must** participate in the Rule 26(f) conference.

## II. Description of claims and defenses

1. **Plaintiff's statement**. Duesenfeld GmbH ("Duesenfeld") is a pioneer in the field of recycling lithium-ion batteries from electric vehicles. Duesenfeld grew out of a university research team in Germany. Through creative chemistry the inventors overcame challenges in the recycling process and developed an improved methodology for extracting the metals from spent batteries. Duesenfeld was formed to commercialize this technology and was awarded U.S. Patent No. 11,050,097 ("the '097 patent"). The '097 patent was attached to the Complaint as Exhibit 1. *See* D.I. 1-1. Duesenfeld has sued Ascend Elements, Inc. ("Ascend"), which has opened an electric vehicle battery recycling plant in the United States, without authorization, in violation of Duesenfeld's patent. Duesenfeld seeks monetary damages as well as permanent injunctive relief.

2. **Defendant's statement**: Ascend Elements, Inc. ("Ascend") disputes that its lithium-ion battery recycling facility infringes any valid claim of the '097 patent or that the '097 patent is valid and/or enforceable under the 35 U.S.C. §§ 101, *et seq*. Further, Ascend disputes that Duesenfeld is entitled to monetary damages or to injunctive relief. Ascend's investigation of Duesenfeld's claims is ongoing and it may present additional defenses in due course.

## III. Stipulated facts and insurance coverage and deductibles

1. At this stage of the case, the parties have not stipulated to facts not in dispute.

2. As indicated in Plaintiff's initial disclosures made pursuant to Rule 26(a)(1)(A)(iv), Duesenfeld is not aware of any specific indemnity or insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

3. As indicated in Defendant's initial disclosures made pursuant to Rule 26(a)(1)(A)(iv), Ascend is not aware at this time of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment. Ascend is reviewing information related to its insurance coverage and will notify Plaintiff regarding any relevant insurance coverage if and when just information is found.

## IV. Anticipated scope of discovery

A. Summarize with specificity those issues on which the parties will need to conduct discovery. Identify categories of information each party needs in discovery and why.

**Plaintiff**: Duesenfeld requires discovery into the recycling process employed by Ascend Elements, particularly in its plant in Georgia, in order to confirm infringement. Discovery may be required of Ascend's supplier, URT Umwelt und Recyclingtechnik GmbH ("URT), which is in Germany, depending on the extent to which discovery cannot be sufficiently obtained through Ascend directly. Duesenfeld will require discovery into the extent of Ascend's commercialization, in order to ascertain damages.

**Defendant**: Ascend requires discovery into the validity of the asserted patent claims, including issues relating to the inventors' conception and reduction to practice of the alleged inventions, prior art (both known to Duesenfeld and

unknown to Duesenfeld), inventorship of the alleged inventions, and prior disclosures, including prior sales and prior offers to sell, etc., of the subject matter of the alleged inventions. Ascend will also require discovery into issues relating to damages and Duesenfeld's demand for an injunction, including Duesenfeld's licensing of and attempts to commercialize the claimed inventions. Further, Ascend will require discovery of Duesenfeld's own interactions and collaborations with URT, which may require discovery from URT, depending on the extent to which discovery cannot be sufficiently obtained through Duesenfeld directly.

B. Anticipated number of interrogatories per party:

   Plaintiff: 25

   Defendant: 25

C. Anticipated number of depositions per party:

   a. Up to 70 hours total, exclusive of expert testimony. The parties agree, however, that in the case of depositions requiring an interpreter, every two hours shall count as one.

D. Do the parties anticipate the need for any agreements on remote deposition protocols?

   Not at this time.

E. To the extent either party proposes to exceed the presumptive limits in the Federal Rules for discovery, explain the basis for that proposal.

   The parties are not proposing to exceed the presumptive limits from the Federal Rules.

F. Do the parties anticipate the need for a Fed. R. Evid. 502(d) order?

      No.

G. Do the parties anticipate the need for any third-party discovery? If so, identify the likely third parties and the discovery to be sought.

    a. **Plaintiff**: Plaintiff anticipates seeking discovery from URT Umwelt- und Recyclingtechnik GmbH at least as to its relationship with Defendant, any indemnity obligations, and the structures and functions of any products URT supplies to Defendant that are used in the processes and structures that Plaintiff accuses of patent infringement.

    b. **Defendant**: Defendants' investigation of Plaintiff's claim is still ongoing. It is possible that Defendants will require third-party discovery on, at least, issues of invalidity.

H. Do the parties anticipate the need for experts? If so, identify the subjects on which the expert(s) may opine. Be sure to point out whether defendant(s) will be advancing experts on affirmative issues, or only in response to plaintiff(s) experts. State whether expert depositions will be taken, and if so, an agreement or positions on how many will be required.

    a. The parties anticipate retaining experts to opine at least on issues of infringement, invalidity, and damages. The parties agree that each expert proffering a report may be deposed for up to seven (7) hours per report.

I. Does the plaintiff expect to request attorneys' fees as a prevailing party, either pursuant to a contract or a statute? If so, state the basis for the expected request.

    Plaintiff intends to seek attorney fees as a prevailing party pursuant to 35 U.S.C. §285.

    J.    Has each party provided written notice to the client of the obligation to preserve all relevant material, including electronic records?

        **Plaintiff**: Yes.

        **Defendant**: Yes.

## V. Status of discovery

The parties opened discovery on January 12, 2024 by serving written discovery.

## VI. Proposed case management deadlines

The parties' proposed case management deadlines are listed in the proposed scheduling order, filed herewith.

Furthermore, as set forth in the parties proposed scheduling order, the parties agree that expert discovery should be sequenced after fact discovery, in order to have a complete factual record prior to the rendering of expert opinions.

The parties have requested more than 120 days for discovery, because the parties anticipate conducting discovery in Europe (as explained above), including through foreign language documentation. Furthermore, the parties believe that conducting claim construction during fact discovery will be advantageous, and have accounted for that in their proposed schedule.

## VII. Electronic discovery

The Default Standard for Discovery, including Discovery of Electronically Stored Information ("ESI"), which is posted at http://www.ded.uscourts.gov (*see* Other Resources, Default Standard for Discovery) is incorporated herein by reference. To the extent the parties agree on any provisions that conflict the Default Standard for Discovery, such as in a stipulated ESI Order or Protective Order, those agreed-to provisions shall control.

**VIII.    Protective orders and confidentiality agreements**

The parties anticipate that a stipulated protective order will be necessary to protect confidential business information, trade secrets, source code, or other proprietary or competitively sensitive information, which may be possessed by the parties or non-parties. In order to preserve the legitimate privacy and business interests of the parties and non-parties, such information may require protection from disclosure via a stipulated protective order, consistent with the standard practice in the District of Delaware.

Any stipulated protective order shall include the required language indicated in the Court's Policy and Procedures at ¶ 8: "The Court retains the right to allow disclosure of any subject covered by this order or to modify this order at any time in the interest of justice." Any stipulated protective order shall also include the language typically required of protective orders in patent cases in the District of Delaware, as indicated in the Proposed Scheduling Order at ¶ 4.

The parties are presently negotiating a protective order, which they anticipate submitting to the Court within 10 days of the Court's Scheduling Order. Until the Court enters a protective order, documents and information that either party in good faith believes are confidential may be produced with the appropriate designation, either CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, and until the Court enters a governing protective order, the parties will limit disclosure of those materials to counsel of record.

The parties further anticipate that they may need a data privacy protection order to address issues unique to discovery of information produced from outside the United States and subject to foreign laws, specifically laws of the European Union.

IX. **Alternative dispute resolution**

    A.  Have the parties engaged in any settlement discussions? If so, set forth the status of those negotiations. If not, explain why not.

        The parties are in the process of arranging early settlement negotiations.

    B.  Have the parties explored or considered other forms of alternative dispute resolution? If so, summarize those efforts. If not, state the parties' positions with respect to ADR.

        The parties are willing to engage in ADR for this dispute.

    C.  Identify the individual who will attend the Rule 16 conference who will have authority to discuss settlement.

        Plaintiff: Lydia Grote (Duesenfeld, Head of Licensing)

        Defendant: Liam Lochhead (Vice President of Contracts)

X. **Consent to send case to a Magistrate Judge**

The parties do not consent to trial by a Magistrate Judge.

XI. **Service by electronic means**

By signing below, the parties confirm consent to service of pleadings and discovery via email pursuant to Fed. R. Civ. P. 5(b)(2)(E).

XII. **Policies and procedures**

Judge Murphy's policies and procedures are available for the parties to review on the Court's website. By signing below, counsel for each party represents that it has reviewed the Judge's policies and procedures and acknowledges the requirements contained therein. The parties and their counsel further acknowledge by signing below that Judge Murphy may strike pleadings and other submissions that do not comply with his policies and procedures.

**XIII.   Other matters**

    A.   <u>*Pro Hac Vice* Motions</u>

In lieu of using the Eastern District of Pennsylvania's form pursuant to the Court's Policies and Procedures at ¶ 4, the parties respectfully request to use the District of Delaware's procedure for making motions for *pro hac vice* admission, as described in Local Rule 83.5.

    B.   <u>Discovery Dispute Procedures</u>

In addition to the Court's Policies and Procedures at ¶ 7 regarding Discovery and Discovery Disputes, the parties respectfully request to use the standard discovery dispute procedure for patent cases in the District of Delaware, as described in the attached Proposed Scheduling Order at ¶ 3(g).

    C.   <u>Filings Under Seal</u>

Pursuant to standard practice in the District of Delaware and the attached Proposed Scheduling Order at ¶ 5, the parties request that all parties be permitted to file documents under seal absent prior leave of the Court, and that a redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document. The District of Delaware standard practice is contrary to the Court's Policies and Procedures at ¶ 8, which does not permit parties to file documents under seal absent leave, unless it is an emergency.

    D.   <u>Extensions of Time</u>

The parties respectfully request to follow Local Rule 16.4, which requires that any requests for an extension of deadlines for completion of discovery or postponement of the trial shall be made by motion or stipulation at any time prior to expiration of the deadline and include reasons for the request and either a supporting affidavit by the requesting counsel's client or a certification that counsel has sent a copy of the request to the client.

For all other requests to extend deadlines other than completion of discovery or postponement of trial, the parties respectfully request to follow the standard practice in the District of Delaware, in which requests for extensions may be filed at any time prior to the deadline and do not require reasons supporting the request where all parties stipulate to the extension. This standard practice in the District of Delaware is contrary to the Court's Policies and Procedures at ¶ 3, which requires that all requests to extend a deadline must be made at least 7 days before the closest relevant deadline or must further justify the last-minute request.

E. Statement Required to be Filed with Nondispositive Motions

In addition to the Court's Policies and Procedures at ¶ 5, which requires the parties to certify that the parties have met and conferred on the substance of Rule 12 Motions to Dismiss and Amended Pleadings, the parties respectfully request to follow Local Rule 7.1.1, which requires that parties certify that a reasonable effort has been made to reach agreement prior to filing any nondispositive motion.

F. Rule 56 Motions

Pursuant to the standard practice in the District of Delaware, the parties respectfully request that each party is entitled to file more than one single Rule 56 motion absent leave, contrary to the Court's Policies and Procedures at ¶ 9. As indicated in the attached scheduling order at ¶ 10, the parties propose that each side will be limited to a single forty-page opening brief, a single forty-page answering brief, and a single twenty-page reply brief that addresses all of its Daubert objections and case dispositive motions.

| | |
|---|---|
| */s/ Emily S. DiBenedetto* | */s/ Andrew M. Moshos* |
| Karen E. Keller (No. 4489) | David E. Moore (No. 3983) |
| Emily S. DiBenedetto (No. 6779) | Bindu A. Palapura (No. 5730) |
| SHAW KELLER LLP | Andrew M. Moshos (No. 6685) |
| I.M. Pei Building | Malisa C. Dang (No. 7187) |
| 1105 North Market Street, 12th Floor | POTTER ANDERSON & CORROON LLP |
| Wilmington, DE 19801 | Hercules Plaza, 6th Floor |
| (302) 298-0700 | 1313 N. Market Street |
| kkeller@shawkeller.com | Wilmington, DE 19801 |
| edibenedetto@shawkeller.com | (302) 984-6000 dmoore@potteranderson.com |
| *Attorneys for Plaintiff Duesenfeld GmbH* | bpalapura@potteranderson.com |
| | amoshos@potteranderson.com |
| OF COUNSEL: | mdang@potteranderson.com |
| Steven C. Carlson | *Attorneys for Defendant Ascend Elements, Inc.* |
| ROBINS KAPLAN LLP | |
| 555 Twin Dolphin Drive, Suite 310 | OF COUNSEL |
| Redwood City, CA 94065 | Andrew Gish |
| (650) 784-4040 | Ray Bilderbeck |
| | Josef B. Schenker |
| Jake M. Holdreith | GISH PLLC |
| Samuel J. LaRoque | 41 Madison Avenue, Floor 31 |
| ROBINS KAPLAN LLP | New York, NY 10010 |
| 800 LaSalle Avenue, Suite 2800 | (212) 518-2000 |
| Minneapolis, MN 55402 | |
| (612) 349-8500 | |

Dated: January 19, 2024