IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DUESENFELD GMBH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.  23-1194-JFM |
| | ) | |
| ASCEND ELEMENTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **SCHEDULING ORDER**

This_____day of_____, 2024, the Court having conducted an initial Rule 16(b)

scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after

discussion that the matter cannot be resolved at this juncture by settlement, voluntary

mediation, or binding arbitration.

IT IS ORDERED that:

1.    Rule 26(a)(1) Initial Disclosures. The parties exchanged initial disclosures on

January 12, 2024.

2.    Joinder of Other Parties and Amendment of Pleadings. All motions to join

other parties, and to amend or supplement the pleadings, shall be filed on or before August 2,

2024.

3.    Discovery.

    a.    Fact Discovery begins January 12, 2024.

    b.    Fact Discovery Cut Off. All fact discovery in this case shall be

initiated so that it will be completed on or before March 21, 2025.

      c.    <u>Document Production</u>. Document production shall be substantially complete by September 13, 2024.

      d.    <u>Requests for Admission</u>.  A maximum of 30 requests for admission are permitted for each side, except requests for admission to establish the authenticity of documents shall not count towards this limit.  The parties agree to work cooperatively toward stipulations on authenticity of documents produced.

      e.    <u>Interrogatories</u>.   A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

      f.    <u>Depositions</u>.

          i.    <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 70 hours of taking testimony by deposition upon oral examination, exclusive of experts' testimony.  The parties agree, however, that in the case of depositions requiring an interpreter, every two hours shall count as one.  In addition, each expert that submits a report subject to Fed. R. Civ. P. 26(a)(2) shall be subject to a single deposition of up to seven (7) hours per report.

          ii.    <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

      g.    <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective

order, the moving party (*i.e.*, the party seeking relief from the Court) should file a "Motion for Teleconference To Resolve [Discovery/Protective Order] Disputes." The suggested text for this motion can be found attached to this Order. The Court will thereafter order a discovery dispute teleconference and deadlines for submissions. On the date set by court order, generally not less than seventy-two hours prior to the conference (excluding weekends and holidays), the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. This submission shall include: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute. On the date set by court order, generally not less than forty-eight hours prior to the conference (excluding weekends and holidays), any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Each party shall submit two courtesy copies of its letter and any other document filed in support to the Clerk's Office within one hour of e-filing. All courtesy copies shall be double-sided Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and cancel the conference.

      h.    <u>Miscellaneous Discovery Matters.</u>

        i.    The parties may, if they choose, agree to a timetable for initial patent disclosures either as set forth in the Delaware Default Standard for Discovery or as agreed to by the parties, and the parties should set forth any such agreement in the scheduling order.

ii.     The parties should set forth a statement identifying any other pending or completed litigation including IPRs involving one or more of the asserted patents. Plaintiff should advise whether it expects to institute any further litigation in this or other Districts within the next year. Defendant should advise whether it expects to file one or more IPRs and, if so, when.

**Plaintiff**:  Duesenfeld does not expect to institute any further litigation in this or any other U.S. District Court within the next year.  Duesenfeld has initiated litigation in Europe on a related European patent.

**Defendant**:  Ascend is considering filing IPR petitions within the statutory timeframe.

iii.     The parties, if they think it necessary, should set times in the schedule for reducing the number of asserted claims and asserted prior art used for anticipation and obviousness combinations. The usual points where the Court will consider such limits are before claim construction and after a ruling on claim construction.

iv.     If one or more of the patents-in-suit have already been licensed or the subject of a settlement agreement, either (1) Plaintiff shall provide the licenses and/or settlement agreements to Defendant no later than the time of the initial Rule 16(b) scheduling conference, or (2) if Plaintiff requires a Court Order to make such disclosures, Plaintiff shall file any necessary proposed orders no later than twenty-four hours before the initial Rule 16(b) scheduling conference. Plaintiff shall represent in the scheduling order that it is complying or has complied with this requirement. All parties shall be prepared to discuss at the conference what their preliminary views of damages are.

**Plaintiff**:  There are currently no licenses to the patent in suit; however, there are on-

going licensing discussions that may result in licenses.  Once consummated, those licenses will be produced to Ascend Elements.

4.    <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.    <u>Papers Filed Under Seal</u>. When filing papers under seal, a redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6.    <u>Claim Construction Issue Identification</u>.  On or before August 16, 2024, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s)[1]. This document will not be

---

[1] If a party proposes a construction of a term to be its "plain and ordinary" meaning, the party must explain what that meaning is. If a term is arguably a means-plus-function term, and a party does not propose a function and a structure, it is waiving any right to propose a function and a structure at a later time.

filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than September 6, 2024. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to murphy_chambers@paed.uscourts.gov. The Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. The Joint Claim Construction Chart should include an explanation of why resolution of the dispute makes a difference. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with the Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

7.      Claim Construction Briefing[2]. Plaintiff shall file its opening brief, not to exceed 5,000 words, on September 27, 2024. Defendant shall file its answering brief, not to exceed 7,500 words, on October 29, 2024. Plaintiff shall file its reply brief, not to exceed 5,000 words, on November 12, 2024. Defendant shall file its sur-reply brief, not to exceed 2,500 words, on November 26, 2024.  The parties need not include any general summaries of the law relating to claim construction.

8.      Hearing on Claim Construction.  Beginning at_____a.m. on December 19, 2024, the Court will hear argument on claim construction. Absent prior approval of the Court

---

[2] Each brief shall include a certification of word count. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized. Should Defendant want to add additional representative claims, Defendant may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

(which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

9.   <u>Disclosure of Expert Testimony</u>.

a.   <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before April 25, 2025. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before May 23, 2025. Reply expert reports from the party with the initial burden of proof are due on or before June 13, 2025. No other expert reports will be permitted without either the consent of all parties or leave of the Court.

If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before July 2, 2025.

b.   <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made

by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

10.     _Case Dispositive Motions_. All case dispositive motions (and motions for partial summary judgment) shall be served and filed on or before August 1, 2025.   No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. Absent an order of the Court upon a showing of good cause, each side is limited to a single forty-page opening brief, a single forty-page answering brief, and a single twenty-page reply brief that addresses all of its Daubert objections and case dispositive motions (including motions for partial summary judgment).

11.     _Applications by Motion_. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

12.     _Pretrial Conference_.  On November 7, 2025, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at____a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

13.     _Motions in Limine_. Motions _in limine_ shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion _in limine_ shall be filed in one filing separate from the motion _in limine_. Each party shall be limited to three _in limine_ requests, unless otherwise permitted by the Court. The _in limine_ request and any response shall contain

the authorities relied upon; each *in limine* request may be supported by a maximum of three

pages of argument and may be opposed by a maximum of three pages of argument, and the

party making the *in limine* request may add a maximum of one additional page in reply in

support of its request. If more than one party is supporting or opposing an *in limine* request,

such support or opposition shall be combined in a single three page submission (and, if the

moving party, a single one page reply). No separate briefing shall be submitted on *in limine*

requests, unless otherwise permitted by the Court.

14.     <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be

tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed

voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict

forms no later than 6 p.m. on the fourth business day before the date of the final pretrial

conference.   Areas of dispute shall be identified as narrowly as possible and in a manner that

makes it readily apparent what the dispute is. The parties shall submit simultaneously with

filing each of the foregoing four documents in Word format to

murphy_chambers@paed.uscourts.gov.

15.     <u>Trial</u>. This matter is scheduled for a five (5) day[3] jury trial beginning at 9:30 a.m.

on December 8, 2025, with the subsequent trial days beginning at 9:30 a.m. Until the case is

submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The

trial will be timed, as counsel will be allocated a total number of hours in which to present

---

[3] Five days (i.e., about ten to thirteen hours per side) is the presumptive length of a patent jury
trial. If the parties think it is obvious that this will not be enough, they may put in a different
length and should be prepared to explain why at the Rule 16 conference. A final decision on the
precise length of trial will not be made before the final pretrial conference.

their respective cases.

16.     <u>Mediation (for use in non-ANDA patent cases)</u>.  The Parties are required to engage in good faith in an in-person mediation. They are to hire a jointly agreed-upon mediator. The timing of mediation efforts is left to the discretion of the Parties, but the mediation efforts need to be conducted in advance of the pretrial conference. The Parties are required to submit a joint statement no later than one week before the pretrial conference. The joint statement is to include the identification of the mediator, the lead counsel for each party at the mediation, the length of the mediation, and the certification of the lead mediation counsel that they have engaged in the efforts in good faith. If the Parties anticipate any further efforts by the mediator at the time of the submission, they should so advise. The joint statement should not disclose the substance of any offers, counter-offers, or other negotiations.

17.     <u>*Pro Hac Vice* Motions</u>. The parties shall follow Delaware Local Rule 83.5.

18.     <u>Extensions of Time</u>. The parties shall follow Delaware Local Rule 16.4. For all requests not implicated by Delaware Local Rule 16.4, the parties may file requests for extensions of time at any time prior to the deadline.

19.     <u>Statement Required to be Filed with Nondispositive Motions</u>. In addition to the Court's Policies and Procedures at ¶ 5, which requires the parties to certify that the parties have met and conferred on the substance of Rule 12 Motions to Dismiss and Amended Pleadings, the parties shall follow Delaware Local Rule 7.1.1, which requires that parties certify that a reasonable effort has been made to reach agreement prior to filing any nondispositive motion.

_____

UNITED STATES DISTRICT JUDGE

Chart of All Relevant Deadlines

| Event | Parties' Proposed Deadline |
|-------|---------------------------|
| Exchange Rule 26(a)(1) Initial Disclosures<br><br>Start of Fact Discovery | Jan. 12, 2024 |
| Parties to file Rule 26(f) report and comprehensive proposed case schedule | Jan. 19, 2024 |
| Case Management Conference | Jan. 26, 2024, 11:30 a.m. EST |
| Submit Proposed Protective Order | Feb. 5, 2024 |
| Plaintiff's Identification of Accused Products and the asserted patent(s) they allegedly infringe, and produce the file history for each asserted patent | Feb. 28, 2024 |
| Ascend Core Technical Document Production | Mar. 27, 2024 |
| Serve Infringement Contentions | Apr. 24, 2024 |
| Serve Invalidity Contentions | May 22, 2024 |
| Deadline for Joinder of Parties and Amending Pleadings | Aug. 2, 2024 |
| Exchange of Proposed Terms for Claim Construction | Aug. 16, 2024 |
| Filing of Joint Claim Construction Chart | Sept. 6, 2024 |
| Substantial Completion of Document Production | Sept. 13, 2024 |
| Duesenfeld Op'g Claim Construction Br. | Sept. 27, 2024 |

| Event | Parties' Proposed Deadline |
|---|---|
| Ascend Resp. Claim Construction Br. | Oct. 29, 2024 |
| Duesenfeld Reply Claim Construction Br. | Nov. 12, 2024 |
| Ascend Sur-Reply Claim Construction Br. | Nov. 26, 2024 |
| *Markman* Hearing | Dec. 19, 2024 (subject to Court's availability) |
| Close of Fact Discovery | Mar. 21, 2025 |
| Opening Expert Reports (by the Party with the Burden of Proof) | Apr. 25, 2025 |
| Responsive Expert Reports | May 23, 2025 |
| Reply Expert Reports | June 13, 2025 |
| Close of Expert Discovery | July 2, 2025 |
| SJ/*Daubert* Motions (with opening briefs) | August 1, 2025 |
| SJ/*Daubert* Opposition Briefs | August 22, 2025 |
| SJ/*Daubert* Reply Briefs | September 5, 2025 |
| Final Pretrial Conference | Nov. 7, 2025 (subject to the Court's availability) |
| Trial | Dec. 8, 2025 (subject to the Court's availability) |