IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **DUESENFELD GMBH** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 23-1194 |
| | : | |
| **ASCEND ELEMENTS, INC.** | : | |

# ORDER

**AND NOW**, this 17th day of January 2025, upon considering defendant's motion to stay pending *inter partes* review (DI 69), and defendant's proposed stay order (DI 166) in response to our January 16, 2025 order (DI 164), it is **ORDERED** defendant's motion to stay pending *inter partes* review (DI 69) is **GRANTED**. This case is **STAYED** on the terms, and with certain exceptions, set out below. The parties shall file updates on any significant developments and may request relief from the stay for good cause. Duesenfeld's motion to compel (DI 123) is **DENIED** without prejudice to refile.

1. As background, Duesenfeld filed a complaint against Ascend alleging infringement of U.S. Patent No. 11,050,097 (the 097 patent). DI 1. The case was proceeding uneventfully through fact discovery, and the parties agreed on claim constructions. DI 22, DI 60.

2. Meanwhile, on May 1, 2024, third-party URT Umwelt und Recyclingtechnik GmbH (URT) filed a petition for *inter partes* review, number IPR2024-00887, which challenges the patentability of all asserted claims of the 097 patent. DI 66. Separately, on May 21, 2024, Ascend filed a petition for IPR, number IPR2024-00948, which also challenges the patentability of all asserted claims of the 097 patent. *Id.* The PTAB instituted both IPRs in late November, 2024. *Id.* Ascend promptly filed a motion to stay this litigation. DI 69. Then things heated up on the docket.

3. Soon after, Duesenfeld: (i) moved to amend the complaint to add newly-issued U.S. Patent No. 12, 119,463 (the 463 patent),[1] DI 74; (ii) moved for leave to file amended infringement contentions, DI 100; (iii) moved to compel discovery relating to the amended contentions, DI 123; and of course, opposed the stay, DI 92. We heard oral argument on these motions. DI 144. To broadly summarize, Ascend's position is that the PTAB is on track to greatly simplify the case, and Duesenfeld's flurry of motions mainly aim to derail a stay of the litigation. Duesenfeld argues that at least one of its claims in the 097 patent (which is similar to certain claims of the 463 patent) will likely survive the IPR, and that it needs our help to obtain (and preserve) specific laboratory data to prove infringement of these narrower claims.

4. We took a piecewise approach to resolving the disputes. First, we allowed the amended complaint and the amended infringement contentions. DI 129. Then, considering the stay, we had two main concerns. First, how would a stay affect the data that Duesenfeld says Ascend is not retaining? Second, would there be sufficient economization to justify a stay when the 463 patent is looming in the background? As to the first, Ascend offered to agree to a preservation plan, so we invited Ascend to lay out the plan for us. DI 129, DI 164. It did. DI 159, DI 166. Duesenfeld views it as insufficient. DI 167. As to the second concern, we asked if Ascend would consider extending any estoppel from the IPRs to the 463 patent. DI 129. It declined. DI 159. But Ascend did offer to commit to filing a PGR petition for the 463 patent. DI 159, DI 166.

---

[1] The 463 patent covers similar technology and has similar claims, but there are differences that Duesenfeld says are significant with respect to the strength of the invalidity arguments in the IPRs and with respect to what discovery would be needed to prove infringement.

5.  With Ascend's commitments on the table, a stay is appropriate here. Although mere filing of an IPR or PGR petition rarely justifies a stay, here we have two instituted IPRs, and the concern is the incremental effect of the highly similar 463 patent. The broad sweep of PGR estoppel offers significant potential for simplification if the PGR for the 463 patent were instituted and Duesenfeld prevails. Rather than *order* Ascend to file a PGR for the 463 patent, we will simply give Duesenfeld leave to request that we lift the stay if Ascend has not filed a PGR for the 463 patent by **March 7, 2025**. Similarly, if Ascend files its PGR but the PTAB declines to institute, Duesenfeld may then request that we lift the stay. Presumably, we would grant those requests, but Ascend will have a chance to respond (or make further stipulations) and the ultimate determination will depend on the relevant factual landscape at the time.

6.  As to the preservation of data, Ascend shall engage in the following data preservation measures[2] during the pendency of this litigation (including during a stay) until relief is sought (by either party) and granted:

- **Temperature Measurements**: Ascend will capture the temperature data reflected on the Dryer human-machine interfaces' ("HMIs") Temperature Archive screen. Ascend will do this by taking photos of the HMI screen as described in its Supplemental Statement.

- **Pressure Measurements**: Ascend will capture the pressure data reflected on the Dryer HMIs' Pressure Archive screen. Ascend will do this by taking photos of the HMI screen as described in its Supplemental Statement.

- **General Measurements**: Ascend will capture the data reflected on the Dryer HMIs' General Archive screen. Ascend will do this by taking photos of the HMI screen as described in its Supplemental Statement.

- **Consult URT**: No later than **January 31, 2025**, Ascend will consult URT to determine whether there is a way to digitally export data from the Dryer HMIs

---

[2] Ascend's dryers are periodically idle. When a dryer was not used in the preceding 24 hours, Ascend will record that in a log rather than take photos of empty graphs on the Temperature Archive, Pressure Archive, and General Archives.

and meet and confer with Duesenfeld to share what was learned. If it is practical to do so, Ascend will engage in that digital export and preserve the exported data.

- **Main Console Export**: Ascend will maintain a record of exportable event data from the Main Console HMI.

- **Production of Existing Documents**: Ascend will take reasonable efforts to search for (1) any additional evidence of historical pressure, temperature, weight, and other chemical analysis data; (2) any additional documentation regarding how the Dryer HMIs sense and record temperature, weight, or chemical analysis data; and (3) ask URT to provide any of the foregoing information in its possession.

7. **Inspection and deposition.** The requirements set forth above are what Ascend proposed to do. And it shall begin doing so immediately if it has not already. But as a limited exception to the stay, we will also allow Duesenfeld some leeway to complete its investigation. Absent leave, Duesenfeld may conduct discovery pertaining only to the preservation dispute. In particular, we think it appropriate for Duesenfeld to complete its site inspection and no more than 3 depositions. *See* DI 167 at 8 n.4. Ascend shall provide to Duesenfeld whatever information it collects through the above-outlined requirements at least through the inspection and depositions. No later than **February 28, 2025**, after thorough meet-and-confer, either Duesenfeld shall file a motion requesting modification of the terms of preservation and showing good cause, or, the parties shall file a status report confirming the terms of preservation are acceptable.

MURPHY, J.

4