IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **DUESENFELD GMBH** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO.  23-1194 |
| | : | |
| **ASCEND ELEMENTS, INC.** | : | |

# ORDER

**AND NOW**, this 31st day of January 2025, upon considering defendant's motion for clarification (DI 184) of our January 17, 2025 order (DI 169), it is **ORDERED** defendant's motion for clarification (DI 184) is **GRANTED** as follows.  The motion for clarification points out that it is very difficult for lawyers to implement a somewhat general scope limitation during an inspection or deposition.  That is true.  We can't blame Ascend for trying to apply our order (DI 169) as it was written, but having considered this problem, we conclude there is no easy way to tightly police the scope of discovery, and attempts to do so will end up generating even more burden (exhibit A: this motion to clarify).  The fairest approach here is to focus on limiting the discovery activities rather than topics.  If things stay on track, the case is headed for a stay, so there is little incremental burden in giving Duesenfeld leeway to explore what it wishes in the 3 depositions and the inspection.  This could even have the added benefit of avoiding re-deposition of those witnesses or re-inspection should the case resume.  And at a minimum it saves the hassle of quibbling over the outer margins of relevance.  So we will modify our earlier order, DI 169, by clarifying that Duesenfeld is not limited in scope (by DI 169) in its 3 depositions or inspection.  All the other usual rules of discovery, of course, still apply.

**MURPHY, J.**